contract with plaintiff to procure a purchaser, but where plaintiff was corroborated by another witness, a finding that such contract was made, *held* not against the weight of the evidence.

2. BROKERS, § 91*—*when evidence insufficient to establish unfair dealing such as to bar recovery.* In an action to recover a broker's commission for the sale of a house, unfair dealing such as to bar a recovery is not shown by the fact that after the sale plaintiff's employee asked and received $10 from the purchaser "for finding the house," where there was no evidence that there was a contract between plaintiff and the purchaser for the payment to plaintiff by such purchaser of a commission in case plaintiff found the house, and where there was no evidence that the acts of plaintiff's employee were with the knowledge or by the direction of plaintiff.

3. BROKERS, § 62*—*when right to commission not barred by receipt of commission from other party.* The rule that a broker, acting as the agent of both parties in an exchange of real estate with a contract for the payment of commission from each party, cannot recover from one of them who did not know of or consent to his employment by the other has no application to a case where plaintiff's agent, without his knowledge or direction, asks and receives such a commission from the purchaser of a house, for the sale of which plaintiff is seeking to recover a commission from the seller.

---

### Thomas Pellum, Defendant in Error, v. Aaron B. Mead, Plaintiff in Error.

### Gen. No. 20,425.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed January 11, 1916.

### Statement of the Case.

Action by Thomas Pellum, plaintiff, against Minnie Hawkins and Aaron B. Mead, defendants, in the Municipal Court of Chicago, to recover for goods alleged to have been negligently destroyed in tearing down

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a barn in which the goods were stored.    To reverse a judgment for plaintiff, defendant Mead prosecutes this writ of error.

OTA P. LIGHTFOOT, for plaintiff in error Aaron B. Mead.

GEORGE W. ELLIS and RICHARD E. WESTBROOKS, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1.  PRINCIPAL AND AGENT, § 173*—*what is duty of agent allowing goods to be stored without authority to protect goods.*  One who without authority rents a barn to another for the storage of goods incurs no special duty to protect such goods.

2.  PRINCIPAL AND AGENT, § 173*—*what duty agent tearing down barn owes owner of stored goods.*  In the absence of any privity of contract or relationship between the agent of an estate and one who without authority stores goods in a barn on such estate, such agent in tearing down such barn owes the owner of the goods no duty further than to exercise reasonable care to protect them until the owner has a reasonable opportunity to remove them.

3.  NEGLIGENCE, § 162*—*when evidence admissible that goods not taken away or destroyed.*  In an action against the agent of an estate to recover for goods alleged to have been negligently destroyed by defendant in tearing down a barn in which the goods were stored, and where the record does not show what became of the goods, it is error to exclude evidence tending to prove an averment in defendant's affidavit of merits that no goods were taken away or destroyed as alleged.

4.  TORTS, § 30*—*when evidence insufficient to establish joint liability.*  In an action against two defendants to recover for goods alleged to have been negligently destroyed in tearing down a barn where the goods were stored, the record fails to show a joint liability where it appears therefrom that one defendant was the agent of the estate to which the barn belonged and the other defendant was the tenant of a cottage on such estate who had rented the barn to plaintiff without authority from the owner.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.